# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KINDER MORGAN BULK TERMINALS, INC.,** | : | **CIVIL ACTION NO. 4:11-CV-1986** |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MOROZ COAL SUPPLY, LLC,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 21st day of September, 2012, upon consideration of plaintiff's motion for default judgment (Doc. 10) filed on August 31, 2012, and documents filed in support thereof (see Docs. 13, 14), and it appearing that defendant received service of process on November 2, 2011 (see Doc. 4), that defendant has not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), that default (Doc. 6) has been entered against defendant for failure to plead or otherwise defend against the complaint, see FED. R. CIV. P. 55(a) (providing for entry of default by clerk), and it further appearing that plaintiff seeks recovery of $1,790,000.00 in contract damages, that plaintiff is also entitled to collect

$107,400.00 in prejudgment interest[1] at the legal rate of 6% per annum[2] from August 31, 2011, to August 31, 2012, see FED. R. CIV. P. 55(b) (allowing court to enter judgment by default without hearing if claim is "for a sum which can by computation be made certain"), and that plaintiff's claim is supported by documents accompanying the motion, it is hereby ORDERED that:

1. Plaintiff's motion for default judgment (Doc. 10) is GRANTED.

2. Judgment is hereby ENTERED in favor of plaintiff and against defendant in the amount of $1,897,400.00, consisting of contract damages in the amount of $1,790,000.00, together with prejudgment interest in the amount of $107,400.00.

3. The Clerk of the Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] See Restatement (Second) of Contracts § 354(1) (1981) ("If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled."); see also Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988) (adopting Section 354 of the Restatement (Second) of Contracts as the law of the Commonwealth).

[2] See 41 P.S. § 202.